## PROHIBITION AGAINST LIQUOR TRAFFIC IN RESIDENCE DISTRICT.

Circuit Court of Cuyahoga County.

In Re Petition Against Prohibiting the Sale of Intoxicating Liquors in a Certain Residence District in the City of Cleveland.

Decided, February 5, 1912.

*Local Option—Residence District—Part Again Petitioned Dry—Balance Can Not Become Wet.*

Under Section 6142, General Code, a wet petition can only be filed and allowed for the *same* residence district previously petitioned dry; hence, if meanwhile part of the district has been cut off and added to another dry district the balance of the district can not become wet.

*A. W. Lamson, C. M. Earhart* and *G. E. Hartshorn,* for plaintiffs.

*E. K. Wilcox* and *Geo. W. Shaw,* contra.

Winch, J.; Marvin, J., and Niman, J., concur.

In this case we are called upon to review the decision of the mayor of Cleveland holding a wet petition, so-called, sufficient and permitting the sale of liquor in certain territory which, more than two years before had been petitioned dry.

The petition held sufficient by the mayor was filed April 3, 1911, under the provisions of Section 6142 of the General Code, which says that:

"When a majority of the qualified electors of a residence district of a municipal corporation in which the sale of intoxicating liquors as a beverage has been prohibited under the provisions of the next two preceding sections, sign a petition against prohibiting the sale of intoxicating liquors as a beverage *in the same residence district* and file such petition with the mayor of the municipal corporation or with a judge of the court of common pleas in the county, such mayor or judge shall examine the petition at a public hearing and decide upon the sufficiency thereof, and cause a copy of his decision to be filed with the clerk of the municipal corporation or council. Such petition shall not be filed until after two years or more have elapsed after the filing of the petition provided for in section sixty-one hundred and forty."

The petition filed April 3, 1911, was in all respects regular and in conformity to the law, and was properly held sufficient, unless defeated by proceedings subsequently brought, under another section of the statutes, for that specific purpose.

Under favor of Section 6157, which provides that, "At any time after two years from the filing of a petition under sections sixty-one hundred and forty and sixty-one hundred and forty one, another petition may be filed under the provisions of *such* sections, covering part or all of the territory included in the first petition, with or without other contiguous territory," another petition was filed on April 13, 1911, with one of the judges of the common pleas court of Cuyahoga county, in which the city of Cleveland is situated, and this petition covered the northerly one-third of the territory described in the first petition and much more contiguous territory to the north of it, and prayed that the territory therein described be made dry.

This dry petition applied to territory containing a greater number of resident electors than the wet petition filed with the mayor, and covered territory common to both. At the time it was filed with the judge, the mayor had not passed upon the wet petition filed with him.

Such proceedings were had on the dry petition filed with the judge that it was later held sufficient by him, and thereafter the mayor made the ruling on the wet petition which is here under review.

Section 6145 provides:

"When there are pending two or more petitions under the next five preceding sections, including territory common to all, that petition shall have precedence which applies to the territory containing the greatest number of resident electors," etc.

The plaintiff reading of this section entitled the dry petition before the judge to be heard before the wet petition was heard by he mayor, for they were both pending at the same time, they included terrieory common to both, and the dry petition applied to territory containing the greater number of resident elecors.

The dry petition *was* first heard and held sufficient, and thereby the wet petition was displaced and rendered obsolete. It was error, therefore, for the mayor to thereafter allow the wet petition; it had, by operation of law, become of no validity, for part of the territory covered by it had meanwhile been cut off and made dry, and under section 6142, a wet petition can only be filed and allowed for the *same residence district* previously petitioned dry. It was no longer the *same*.

It is claimed that this construction of the statutes. produces an unjust result; fosters political trickery; disfranchises the electors in the southern two-thirds of the original dry territory, so far as the liquor .question is concerned; brings about a process of "shingling" so-called, on the part of the drys; that is, enables them, by taking a very small portion of a district once petitioned. dry and including it with other contiguous territory, to destroy the. autonomy of the original district and prevent the remaining and greater portion of it from ever becoming wet again.

This argument should be addressed to the Legislature and not to the court. An amendment to Section 6157, giving the wets and the drys equal privileges in forming new districts, would be more fair, if the question of fairness is to be considered.

Under the Constitution however, it seems that the Legislature has plenary powers in the regulation of the liquor traffic, and can wholly prohibit the traffic if it desires to do so. Any injustice in the exercise of these powers by the Legislature, can not be remedied by the courts.

The order complained of was contrary to law and is reversed, and, on the conceded facts, the petition is dis-allowed.